# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs November 2, 2010

## STATE OF TENNESSEE v. MICHAEL FARMER AND ANTHONY CLARK

Appeal from the Shelby County Criminal Court
No. 08–6635     John T. Fowlkes, Jr., Judge

---

**Nos. W2009-02281-CCA-R3-CD and W2009-02283-CCA-R3-CD - Filed July 8, 2011**

---

JOSEPH M. TIPTON, P.J., concurring in part and dissenting in part.

I dissent from the majority's holding that the State proved beyond a reasonable doubt that Terrell Westbrooks suffered serious bodily injury as that term is contemplated by Tennessee Code Annotated section 39-11-106(a)(34). I believe the majority's holding upends the statutory definition of "serious bodily injury" by essentially declaring that any injury inflicted by a deadly weapon results in serious bodily injury. I do not believe the statutory definitions support such an interpretation.

Pertinent to this appeal, aggravated robbery is a robbery committed by use of a deadly weapon <u>or</u> where the victim suffers serious bodily injury. T.C.A. § 39-13-402(a)(1), (2) (2010) (emphasis added). Especially aggravated robbery is robbery committed by use of a deadly weapon <u>and</u> where the victim suffers serious bodily injury. <u>Id.</u> § 39-13-403(a)(1), (2) (2010) (emphasis added).

The majority holds, "Wounds that are not themselves life-threatening, but which were inflicted in a manner that necessarily involves a substantial risk of death, constitute serious bodily injury within the meaning of section 39-11-106(a)(34)(A)." The majority opinion then concludes, based upon medical knowledge and its own conclusions that are outside the proof in the Defendants' cases, that Mr. Westbrooks's injury qualified as a serious bodily injury because it involved a substantial risk of death. Essentially, the majority's holding means that the use of a deadly weapon resulting in any injury, because of the weapon's inherently deadly nature, involves a substantial risk of death. This renders meaningless the distinction between aggravated robbery, involving a deadly weapon <u>or</u> serious bodily injury to a victim, and the greater offense of especially aggravated robbery, involving a deadly weapon <u>and</u> serious bodily injury to a victim. Following the majority's holding, any injury inflicted with a deadly weapon in the course of a robbery elevates the crime to especially aggravated robbery,

without regard to the factual proof of nature of the injury actually inflicted. I do not believe this is the law.

Even when viewed in the light most favorable to the State, the record is devoid of proof that Mr. Westbrooks was at a substantial risk of death or that he suffered protracted unconsciousness, suffered extreme physical pain, protracted or obvious disfigurement, or protracted loss or substantial impairment as a result of the gunshot. This in no way minimizes Mr. Westbrooks's injury, but rather is a function of the State's failure to prove the serious bodily injury element of especially aggravated robbery. The majority holds that the fact that Mr. Westbrooks was never at actual, substantial risk of death was a "serendipitous turn of events for the victim" and should not benefit the Defendants. I believe, however, that this court cannot substitute its own conclusion about the nature of a victim's injury when the State fails to offer facts to support that conclusion. The proof was not sufficient to support the Defendants' convictions for especially aggravated robbery of Mr. Westbrooks.

I conclude, though, that the State's proof was sufficient to support convictions for both Defendants for the aggravated robbery of Mr. Westbrooks. Viewed in the light most favorable to the State, the robbery of Mr. Westbrooks was accomplished with a deadly weapon. See T.C.A. § 39-13-402(a)(2).

I would modify both Defendants' Class A felony convictions for especially aggravated robbery to Class B felony aggravated robbery and remand the cases for resentencing for these convictions. I concur in the portion of the majority opinion affirming Defendant Farmer's sentence for aggravated robbery of Darnay Taper.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE